Kyle A. Fellenz (SBN 285753)
KFellenz@clarkhill.com
**CLARK HILL LLP**
One America Plaza
600 W. Broadway, Suite 500
San Diego, California 92101
T:(619) 557-0404 | F:(619) 557-0460

Attorneys for Defendant FCA US LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILMA MORENO and ANTONIO CANTOR,<br><br>                    Plaintiffs,<br><br>v.<br><br>FCA US, LLC, A Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No.<br><br>(Los Angeles County Superior Court Case No. 21STCV22605)<br><br>**NOTICE OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332 AND 1441 (B); DIVERSITY JURISDICTION]**<br><br>Complaint Filed:   June 17, 2021 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant FCA US LLC, a Delaware limited liability company ("FCA"), hereby removes this action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§1332 and 1441(b) and alleges as follows:

**I.     DESCRIPTION OF ACTION**

On June 17, 2021, Plaintiffs Gilma Moreno and Antonio Cantor ("Plaintiffs") filed this action against FCA in the Superior Court of the State of California for the County of Los Angeles.  *See* Ex. C, Civil Case Cover Sheet.  On June 21, 2021, Plaintiffs served FCA with the complaint.  *See* Fellenz Decl. ¶4.

The action is titled *Gilma Moreno and Antonio Cantor v. FCA US, LLC, A Delaware Limited Liability Company; and DOES 1 through 10, inclusive,* and bears case number 21STCV22605. A true and correct copy of the Complaint is attached to the Declaration of Kyle A. Fellenz as Exhibit 1.

Plaintiffs allege that on or about February 2, 2019, Plaintiffs purchased a new 2019 RAM 1500, VIN: 1C6RREFG5KN701208 (hereinafter "subject vehicle"). *See* Fellenz Decl. ¶4-5, Ex. 1 [Compl., 3:9-11].

The Complaint alleges a Breach of Express Warranty under the Song-Beverly Warranty Act and Breach of Implied Warranty under the Song-Beverly Warranty Act against defendant FCA US LLC. Fellenz Decl. ¶6, Ex. 1 [Compl., 1:14-18; 3:5-6; 4:12-13]. FCA denies these allegations.

Plaintiffs allege they are entitled to rescission of the contract and/or restitution of all monies expended. Fellenz Decl. ¶5, Ex. 1 [Compl., 3:23-27; 4:1-3; 5:5-6; 5:14].

Plaintiffs' prayer for relief seeks general, special and actual damages; rescission of the purchase contract and restitution of all monies expended; diminution in value; incidental damages and consequential damages; a civil penalty in an amount of two times Plaintiffs' actual damages; prejudgment interest; revocation of acceptance of the Subject Vehicle; reasonable attorney's fees and costs of suit; and such other and further relief as the Court deems just and proper. Fellenz Decl. ¶8, Ex. 1 [Compl., 5:11-18; 6:1-4].

## II.  TIMELINESS AND TECHNICAL REQUIREMENTS OF REMOVAL

Defendant seeking removal must file a notice of removal within thirty days of receiving service of process. 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 346 (1999). FCA was served with the Summons and Complaint on November 19, 2020. *See* Ex. D. FCA now timely files this Notice of Removal before its 30-day removal deadline has expired.

FCA consents to removal of this matter. Fellenz Decl. ¶9. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009). FCA is not aware of the existence of or service on any "Doe" defendant.

Consequently, no consent from any other party to removal is required. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1998).

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because this is a civil action between a citizen of California and citizens of states other than California and the matter in controversy exceeds the sum or value of $75,000.

#### A. Complete Diversity Exists

The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return"). A corporation is a "citizen" both of the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

Here, the requirements for diversity of citizenship are satisfied. Defendant FCA US LLC is a limited liability company, organized as such under the laws of the State of Delaware. *See* Declaration of James Sheridan ("Sheridan Decl.") ¶2. The sole member of FCA US LLC is FCA North American Holding, LLC, a limited liability company organized under the laws of the State of Delaware. Sheridan Decl., ¶3. The sole member of FCA North America Holding, LLC is FCA Holdco B.V., a company organized and existing under the laws of The Netherlands with its principal place of business in London. Sheridan Decl., ¶4. The sole member of FCA Holdco B.V. is Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), a publicly traded company incorporated and existing under the laws of and with its principal place of business The Netherlands. Sheridan Decl., ¶5. FCA US LLC's corporate headquarters and principal place of business are located at 1000 Chrysler Drive, Auburn Hills, Michigan. Sheridan Decl., ¶¶6-7.

/ / /

FCA may rely upon Plaintiffs' address listed in dealership records to meet its burden to establish Plaintiffs' citizenship. S*ee El-Said v. BMW of N. Am., LLC*, No. 819CV02426JLSJDE, 2020 WL 1187171, at *3 (C.D. Cal. Mar. 11, 2020)("The sales contract lists a San Bernardino County address for Plaintiff, showing that he is a resident of California, and thereby indicating that Plaintiff is domiciled in California, and thus a citizen of California…In his Motion Plaintiff does not dispute that he is a California domiciliary and citizen."). Here, Plaintiffs' address on the purchase contract is 19010 Bryant St., Apt. 6, Northridge, CA 91324. Fellenz Decl. ¶10, Ex. 2 [Purchase Contract]. Furthermore, the address listed on repair records from as recently as March 2021 is also 19010 Bryant St., Apt. 6, Northridge, CA 91324, showing Plaintiffs are residents of California. *See* Fellenz Decl. ¶11. Similar to *El Said*, these records indicate that Plaintiffs are domiciled in California and thus are citizens of California.

Complete diversity exists because Plaintiffs are citizens of California and Defendant is a citizen of another state with its principle place of business in Michigan.

### B. Amount in Controversy Exceeds $75,000

To establish original jurisdiction based on diversity of parties, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The amount in controversy is defined as the "amount at stake in the underlying litigation," and includes any result of the litigation, excluding interests and costs, that "entail[s] a payment" by the defendant. *See Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016) (citing *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005); *Guglielmino v. McKee Foods Corp*., 506 F.3d 696, 701 (9th Cir. 2007)). This amount includes compensatory damages, punitive damages, as well as attorneys' fees awarded under fee shifting statutes. *See id*. at 648–49 (citing *Chabner v. United of Omaha Life Ins. Co.,* 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)).

In determining the amount in controversy, courts may look to the "face of the pleadings." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). When the complaint does not specify the amount of damages, the removing defendant has the

burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *See Wilson v Republic Iron & Steel Co.* 257 US 92, 97, 42 S Ct 35 (1921); *Hunter v Philip Morris USA* 582 F3d 1039, 1042 (9th Cir 2009); *Sanchez v Monumental Life Ins. Co.* 102 F3d 398 (9th Cir 1996) (rejecting "converse legal certainty" test of *Hale v Billups of Gonzales*, Inc. (MD La 1985) 610 F Supp 162).

In cases where a plaintiff seeks to rescind a contract, the contract's entire value, without offset, is the amount in controversy. *See Jadair, Inc. v. Walt Keeler Co.,* 679 F.2d 131, 133 n. 5 (7th Cir.1982) (remarking that in a case of contract rescission, the amount in controversy is a net figure not including counterclaims or offsets); *Savarese v. Edrick Transfer & Storage, Inc.,* 513 F.2d 140, 142 (9th Cir.1975) (declining to count offset against amount in controversy); *Cohen v. North Ridge Farms, Inc., 712 F.Supp. 1265, 1266* (E.D.Ky.1989) (holding that amount in controversy is met in diversity action, in which plaintiff sought rescission of contract for purchase of a returnable good, without regard to offset); *Associated Press v. Berger*, 460 F.Supp. 1003, 1004 (W.D.Tex.1978) (citing Jones v. Landry, 387 F.2d 102 (5th Cir.1967) (remarking that though defendant claimed offset, the amount in controversy should not consider the offset)); *Bailey v. Romney*, 359 F.Supp. 596, 599 (D.D.C.1972) (finding that the amount in controversy is clearly satisfied where Plaintiffs seek to rescind the purchase of their homes and homes are worth a substantial sum).

Here, the Complaint does not specify the amount of damages. However, FCA can show, by a preponderance of evidence, that the amount in controversy exceeds the $75,000 threshold. Plaintiffs are seeking rescission of the purchase contract and restitution of all monies expended. *See* Fellenz Decl. ¶7, Ex. 1 [Compl., 3:23-27; 4:1-3; 5:5-6; 5:14]. In addition, Plaintiffs are seeking a civil penalty in the amount of two times Plaintiffs' actual damages and reasonable attorney's fees and costs of suit. Fellenz Decl. ¶7, Ex. 1 [Compl., 4:9-11; 5:17].

The Purchase Agreement for the subject vehicle shows the total sales price for the subject vehicle is $62,899.50. *See* Fellenz Decl. ¶10, Ex. 2. As stated above, Plaintiffs are

seeking rescission of the contract and restitution of all monies expended as well as for civil penalty in the amount of two times Plaintiffs' actual damages. Fellenz Decl. ¶7, Ex. 1 [Compl., 3:23-27; 4:1-3; 4:9-11; 5:5-6; 5:14; 5:17]. The civil penalty amount equals approximately $125,799.00.

Plaintiffs are therefore seeking, at a minimum, $188,698.50 in actual damages and civil penalties. This amount does not include attorneys' fees, which are also considered when calculating the amount in controversy. The amount in controversy, on the face of the Complaint, satisfies the $75,000 minimum.

## IV. VENUE IS PROPER IN THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiffs filed the Complaint in the Superior Court for the State of California, County of Los Angeles, which is within this judicial district and division. See 28 U.S.C. § 84(c)(2). This Court is thus the proper court for removal under 28 U.S.C. § 1441(a). FCA reserves the right to seek transfer venue pursuant to applicable law.

## V. NOTICE TO ADVERSE PARTIES AND THE SUPERIOR COURT

Promptly after the filing of this Notice, FCA will provide written notice of removal to Plaintiffs and the Superior Court and will file a copy of this Notice of Removal with the Clerk of the Los Angeles Superior Court.

Defendant has sought no similar relief with respect to this matter.

In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings, and orders" on file in the state court action are attached hereto:

| EXHIBIT | DOCUMENT TITLE | DATE |
|---|---|---|
| A. | Summons | June 21, 2021 |
| B. | Complaint | June 17, 2021 |
| C. | Civil Case Cover Sheet | June 17, 2021 |
| D. | Answer | July 21, 2021 |

/ / /

    **WHEREFORE,** Defendant respectfully requests that the above-captioned action pending before the Superior Court of the State of California in and for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: July 21, 2021                        CLARK HILL LLP

                                        By:   /s/ Kyle A. Fellenz
                                                Kyle A. Fellenz
                                                Attorneys for Defendant, FCA US LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 21ST day of July, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then be sent Electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

Dated: July 21, 2021                    /s/ Kyle A. Fellenz
                                        Kyle A. Fellenz

Steve Mikhov, Esq.                      ***Attorneys for Plaintiffs,***
Amy Morse, Esq.                         ***GILMA MORENO and ANTONIO***
KNIGHT LAW GROUP, LLP                   ***CANTOR***
10250 Constellation Boulevard, Suite 2500
Los Angeles, California 90067
T: 310-552-2250
F: 310-552-6973
stevem@knightlaw.com
amym@knightlaw.com
GILMA MORENO and
ANTONIO CANTOR

---
1
CERTIFICATE OF SERVICE