1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GILMA MORENO and ANTONIO CANTOR,

Plaintiffs,

v.

FCA US LLC, a Delaware Limited Liability
Company; and DOES 1 through 10, inclusive,

Defendant.

Case No.: 2:21-cv-05894-MEMF(JEMx)

**ORDER GRANTING MOTION FOR
REMAND [ECF NO. 11]**

Before the Court is Plaintiffs Gilma Moreno and Antonio Cantor's ("Plaintiffs") Motion for
Remand ("Motion"). ECF No. 11. Defendant FCA US LLC ("FCA") filed an opposition and
Plaintiffs filed a reply. ECF No. 26 ("Opposition"); ECF No. 27 ("Reply"). On March 14, 2022, the
Court found these matters appropriate for resolution without oral argument and vacated the hearing
set for March 17, 2022. ECF No. 37; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons
stated herein, the Court GRANTS Plaintiffs' Motion.

/ / /

/ / /

/ / /

1

I. **Background**

a. **Factual Background**

Plaintiffs allege they entered into a warranty contract with FCA on February 2, 2019, covering the purchase of a used 2019 Ram 1500 vehicle (the "Vehicle"). ECF No. 1, Exhibit B ("Complaint") at ¶ 14. Plaintiffs allege, however, that the Vehicle manifested defects and nonconformities to warranty within the applicable express warranty period, including but not limited defects in the electrical and transmission systems. *Id.* at ¶ 15.

Based on these allegations, Plaintiffs assert two causes of actions: (1) breach of express warranty, in violation of the Song-Beverly Act; and (2) breach of implied warranty, in violation of the Song-Beverly Act. *Id.*

b. **Procedural History**

On June 17, 2021, Plaintiffs filed a state court action against FCA in Los Angeles County Superior Court. *Id.* On July 21, 2021, Defendant FCA filed a notice to remove this action, pursuant to 28 U.S.C. §§ 1332 and 1441(b). ECF No. 1 ("Notice"). Plaintiffs now petition the Court to remand this action on the basis that FCA's Notice of Removal is insufficient to establish subject matter jurisdiction. Mot. at 2.

II. **Legal Standard**

A suit filed in state court may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy—exclusive of interest and costs—exceeds $75,000.

The party seeking removal bears the burden of establishing federal jurisdiction and must file a notice of removal "containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 U.S.C. § 1446(a)). In *Dart*, the Supreme Court explained that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not contain evidentiary submissions. *Dart*, 574 U.S. at 81. Evidence establishing the amount in controversy is required, however, when the plaintiff contests, or the court questions, the defendant's

allegation. *Id.* at 88. "In such a case, both sides submit proof and the court decides, by a *preponderance of the evidence*, whether the amount-in-controversy requirement has been satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)) (emphasis added). To meet this standard, "[t]he parties may submit evidence outside the complaint, including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted). Indeed, the parties must provide the court with "real evidence" that illustrates the "reality of what is at stake in the litigation" to guide the court in its assessment. *Id.* at 1198.

**III.   Discussion**

In its Notice of Removal, FCA plausibly alleges that the amount in controversy exceeds the jurisdictional amount, considering the total sale price of the Vehicle, the civil penalties pled by Plaintiff, and the estimated costs of attorney fees. Notice at 5–6. If the Notice had gone uncontested, FCA's calculations would have likely been sufficient to demonstrate jurisdiction. That is not the case here. Like in *Dart*, Plaintiffs' motion to remand challenges the amount in controversy, thereby necessitating the submission of supporting evidence. *See Dart*, 574 at 88.

Attached to its Notice of Removal, FCA submits a true and correct copy of the Purchase Contract for the Vehicle, listing the total sale price. ECF No. 1-7. As Plaintiffs observe in their reply, FCA, however, fails to provide any other evidence to substantiate its calculations. ECF No. 27 ("Reply") at 3–4. Without a more robust evidentiary record, the Court is unable to determine whether FCA has alleged the threshold amount in controversy by a preponderance of the *evidence*.

Finally, in its opposition, FCA requests leave to conduct jurisdictional discovery. Opp. at 13–14. The decision to grant jurisdictional discovery lies within the discretionary power of the court. *See Abrego Abrego v. Dow Chm. Co.*, 443 F.3d 676, 692 (9th Cir. 2006). FCA anticipates that "targeted interrogatories and/or requests for admission regarding Plaintiffs' alleged damages" would "be sufficient to elicit evidence to confirm the amount in controversy." Opp. at 14. The Court agrees that it is possible such evidence might permit a court to find the amount in controversy by the preponderance of the evidence. There is no indication, however, that FCA cannot and could not access evidence confirming the amount in controversy without the requested discovery.

1  Accordingly, the Court DENIES FCA's belated request for jurisdictional discovery, particularly in

2  the absence of a properly noticed motion.

3      **IV.**    <u>**Conclusion**</u>

4          In light of the foregoing, the Court GRANTS Plaintiffs' Motion for Remand. This order

5  closes the case.

6

7          IT IS SO ORDERED.

8

9   Dated: March 14, 2022

10                       MAAME EWUSI-MENSAH FRIMPONG

11                        United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28